IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2092-FL

| | |
|---|---|
| MARTY HERNDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRACY JOHNS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on the motion to dismiss (DE # 8) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), of respondent Warden Tracy Johns ("respondent"), to which petitioner responded. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On July 7, 2003, in the United States District Court for the District of South Carolina, petitioner pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). At sentencing, petitioner was determined to be a career offender based, in part, on a South Carolina State conviction for failing to stop for a blue light. On April 23, 2004, the United States District Court for the District of South Carolina sentenced petitioner to a term of two hundred sixty-two (262) months imprisonment. On August 29, 2005, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and judgment. See United States v. Herndon, 141 F. App'x 238 (4th Cir. Aug. 25, 2005). The United States Supreme

Court denied a petition for rehearing on December 30, 2005, and a petition for a writ of certiorari on February 21, 2006.

On February 26, 2007, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed on June 26, 2008. Petitioner then filed a motion for retroactive application of the sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3528, which also was denied.

On May 13, 2011, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that he actually is innocent of being a career criminal pursuant to the United States Supreme Court's ruling in Begay v. United States, 553 U.S. 137 (2008),[1] and United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), which held that South Carolina's felony for failure to stop for a blue light is not a crime of violence for the purposes of the Armed Career Criminal Act. Rivers, 595 F.3d at 565. On November 14, 2011, respondent filed a motion to dismiss arguing that the court lacks subject matter jurisdiction over petitioner's claim because it should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. Petitioner filed a response to respondent's motion.

## DISCUSSION

A.  Motion to Dismiss

   1.  Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1)

---

[1] In Begay, the Court held that a New Mexico felony offense for driving under the influence of alcohol was not a "violent felony" within the meaning of the section of the Armed Career Criminal Act that imposes a special mandatory fifteen (15) year prison term on felons who unlawfully possess a firearm and who have three or more convictions for violent felonies. Begay, 553 U.S. at 137. The Court explained that whether a crime is a violent felony is determined by how the law defines it and not how and individual offender might have committed it on a particular occasion. Id.

motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

2. Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally

barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying his conviction for possession with intent to distribute five grams or more of cocaine base no longer is criminal. Rather, petitioner attacks his career offender sentencing enhancement on the grounds that his conviction for failing to stop at a blue light should not have been used to enhance his sentence pursuant to the Fourth Circuit's ruling in Rivers.

The Fourth Circuit, however, has not extended the reach of the savings clause to include those petitioners challenging only their sentence. Darden v. Stephens, 426 F. App'x 173, *1-2 (4th Cir. Apr. 29, 2011) (declining to extend § 2255's savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender) (citing United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (quotation omitted)); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011); Hurd v. Warden FCI Estill, No. 0:11-cv-602-RMG, 2011 WL 2020881, *2 (D.S.C. May 24, 2011) ("*Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective."), aff'd, 465 F. App'x 229 (4th Cir. 2012); Riddle v. Mitchell, No. 9:10-0084-JFA-BM, 2010 WL 1727862, *2 (D.S.C. Apr. 27, 2010) (dismissing § 2241 claim asserting that the petitioner no longer was a career offender under

Begay or Rivers); but see, Alford v. DeBoo, No. 5:11cv10, 2011 WL 3759128, at * 4 (N.D.W. Va. July 20, 2011) (finding the petitioner satisfied the savings clause where "[i]t would appear that the *Rivers* . . . case[] reflect[s] a substantive change of law which may demonstrate that the conduct involved in the petitioner's 1994 conviction for failing to stop for a blue light . . . [is] no longer criminal. . . ."). Because petitioner does not argue that the conduct for which he was convicted, possession with intent to distribute five grams or more of cocaine base, has been deemed non-criminal,[2] the court finds that he has not satisfied the Jones criteria by establishing that § 2255 is "inadequate or ineffective to test the legality of his detention.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

---

[2] The court notes that petitioner also does not allege that he is not guilty of his South Carolina conviction for failing to stop at a blue light. Rather, he challenges the legal classification of this predicate crime.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 8) is GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED, this the 21st day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge